UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

ROBERT A. LONG,

    Plaintiff,

v.

ROMAN E. DARMER II,

    Defendant.

CASE NO. C08-0124RJB

ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (Dkt. 17) and on defendant's Motion for Extension of Time to File Answer Pending Resolution of Motion to Dismiss (Dkt. 19). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was convicted of three counts of threatening a federal judge, in violation of 18 U.S.C. § 115(a)(1)(B). *See U.S. v. Long*, 83 Fed. Appx. 174 (Dec. 8, 2003) (Dkt. 20). The conviction was affirmed on appeal. *Id.* Plaintiff filed several civil actions in U.S. District Court in Alaska, apparently related to this conviction as well as to Social Security benefits. See Dkt. 1, at 2-8.

Plaintiff filed several motions in his criminal case, *USA v. Long*, District of Alaska Case No. CR02-00031JVS, Dkt. 193, 194, and 203. The motions were construed as a motion or

motions attacking plaintiff's conviction or sentence, pursuant to 28 U.S.C. § 2255. A civil case was opened–*USA v. Long*, District of Alaska Case No. 04-286JVS–but all documents related to the motions to attack plaintiff's convictions were filed in the criminal case (CR02-0003JVS). Plaintiff filed, *pro se*, numerous motions in the case.

On February 2, 2006, the court appointed defendant to represent plaintiff in his challenge to his conviction and sentence. CR02-00031JVS, Dkt. 238. On June 1, 2007, an evidentiary hearing was held. CR02-00031JVS, Dkt. 299 and 300.

On May 28, 2008, plaintiff Robert A. Long filed a civil complaint in the United States District court for the District of Alaska, against defendant, his appointed counsel in the challenge to his conviction and sentence. Dkt. 1. The complaint appears to allege that defendant was appointed to represent plaintiff in an appeal, to the Ninth Circuit U.S. Court of Appeals, of a dismissal of plaintiff's motion under 28 U.S.C. § 2255. Dkt. 1, at 7. Plaintiff alleges that (1) defendant refused to request audio recordings from trial when ordered to do so by plaintiff; (2) defendant refused to challenge the district judges in his cases when those judges had conflicts of interest, covered up criminal falsifications of trial records, and were biased against him; (3) defendant refused to challenge the testimony of a witness (Terrell), who had committed perjury and obstructed justice; (4) defendant refused to conduct the discovery ordered by plaintiff; (5) defendant refused to communicate with plaintiff; (6) defendant created a false written transcript of proceedings; (7) defendant declined to move to withdraw from plaintiff's case; and (8) defendant intentionally caused plaintiff to lose his case. Dkt. 1. The complaint alleges federal jurisdiction on the basis of diversity of citizenship, 42 U.S.C. § 1983, RICO, and general Tort jurisdiction of the U.S. Court. Dkt. 1, at 1. Plaintiff appears to allege that defendant denied his right to effective assistance of counsel and "[d]irect contract rights". Dkt. 1, at 27.

On May 29, 2008, the Alaska District Court ruled on plaintiff's motions challenging his conviction and sentence. CR02-00031JVS. The docket in CR02-00031JVS reflects the following entry on June 3, 2006:

> ORDER conditionally dismissing 203 MOTION (common law writ of mandate) for correction of the erroneous & bad faith ruling of Judge Beistline filed by Robert A. Long,

219 MOTION for Writ filed by Robert A. Long, 207 MOTION for a ruling on the denial of the requirement of the govt to bring the defendant before the court w/i the time set by law filed by Robert A. Long, 235 MOTION to Expedite filed by Robert A. Long, 211 MOTION for order to appeals counsel Eugene B Cyrus, for all defendants letters to counsel from defendant from FDC Seatac under court rules 30 & 45 or other as the court sees fit filed by Robert A. Long, 206 MOTION for subpoenas of the trial jury filed by Robert A. Long, 202 MOTION (common law writ of mandate) for the prosecutor, to under sworn oath, deny that a phone tap existed on def's phone, to deny that def was denied counsel at sentencing, to deny that a mail interception was used filed by Robert A. Long, 218 MOTION for Writ filed by Robert A. Long, ,217 MOTION for Writ filed by Robert A. Long, 210 MOTION for order to trial counsel Dieni, for an affidavit by courr [sic] order on if counsel became aware of a phone tap, witness tampering in the case or testimony of a criminal action by a victim filed by Robert A. Long, 212 MOTION for order to the Anchorage Federal District Court, Clerk of Court, to correct the docket sheets in the removal of all records of appointed defense counsel Mr. McCoy assigned & acting in the case filed by Robert A. Long. Defense counsel given 30 days to renotice any of the mots if he certifies that the mot should be heard by the Court. If def counsel does so the Court will schedule a status conference to determine what further briefing should be ordered. Signed by Judge James V. Selna on 5/29/08. (LSC, COURT STAFF) (Entered: 06/03/2008)

CR02-00031JVS, Dkt. 334.

On June 3, 2008, the docket in CR02-00031JVS reflects the following entry:

ORDER finding as moot 225 Motion as to Robert A. Long (1); denying 197 Motion to Compel as to Robert A. Long (1); denying 216 Motion for Writ as to Robert A. Long (1); denying 229 Motion as to Robert A. Long (1); finding as moot 230 Motion as to Robert A. Long (1); finding as moot 232 Motion as to Robert A. Long (1). (LSC, COURT STAFF) (Entered: 06/03/2008)

CR02-00031JVS, Dkt. 335.

On June 9, 2008, defendant filed a motion to withdraw as attorney for plaintiff, citing irreconcilable differences. CR02-00031JVS, Dkt. 336 and 337. On June 24, 2008, the Alaska District Court granted the motion to withdraw. CR02-00031JVS, Dkt. 340. There are no further entries on the docket in CR02-00031JVS. It appears that that case has concluded but that is not clear from the record.

## MOTIONS

On October 14, 2008, defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (Dkt. 17) and a motion for extension of time to file an answer pending resolution of the motion to dismiss (Dkt. 19). On November 7, 2008, plaintiff filed a motion to strike the defense motion for extension of time to file an answer and, in the alternative, to dismiss the defense

motions. Dkt. 25. In addition, plaintiff has argued in opposition to the motion to dismiss. *See* Dkt. 25, at 2-17.

DISCUSSION

*1. Motion to Dismiss*

*Motion and Response.* Defendant requests that the court dismiss this case on the basis that the complaint fails to state a claim upon which relief may be granted. Dkt. 17. Defendant argues that (1) plaintiff cannot maintain a malpractice action in diversity because, under Alaska law, he has not obtained post conviction relief; (2) plaintiff has not pled specific factual allegations sufficient to maintain a claim under RICO; and (3) plaintiff cannot maintain an action under 42 U.S.C. § 1983 because none of the alleged actions taken by defendant constitutes state action. Dkt. 18.

Plaintiff opposes the motion to dismiss, arguing that (1) his ineffective assistance of counsel claim states a cognizable cause of action; (2) the real and monetary relief requested is itself sufficient to state a claim for relief; (3) the requirement to obtain post-conviction relief has little or nothing to do with this defendant; (4) plaintiff has stated specific facts to support a RICO claim; and (5) defendant is a state actor. Dkt. 25. Plaintiff also maintains that the defense is taking advantage of his lack of knowledge, mental and physical health, and economic condition. Dkt. 25, at 15.

*Legal Standard.* Motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

While the Court's consideration of a motion to dismiss is generally limited to the pleadings, the Court may take judicial notice of matters of public record. Fed. R. Civ. P. 12(d); *see Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). In this case, the court has considered *U.S. v. Long*, 83 Fed. Appx. 174 (Dec. 8, 2003), cited and supplied by defendant, for the purpose of providing context to the claims made in the complaint. Accordingly, the court takes judicial notice of that case. In addition, the court takes judicial notice of the record in *USA v. Long*, District of Alaska Case No. CR02-00031JVS.

*Legal Malpractice*. Plaintiff contends that his attorney rendered ineffective assistance; it appears that he has asserted a state law claim for legal malpractice, based upon diversity of citizenship.

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Because the events that plaintiff challenges occurred in Alaska, the court applies the substantive law of Alaska.

Defendant maintains that, because plaintiff has not obtained post-conviction relief, he may not pursue a malpractice action against counsel in this case. Plaintiff has not shown, nor does he claim, that his conviction or sentence has been invalidated. In his opposition to the motion to dismiss, plaintiff states that the requirement to obtain post conviction relief may apply to suits against attorneys who represented him at an earlier stage of the criminal proceedings, but not to defendant in this case, whose role was related to appellate work on plaintiff's civil action for post-conviction relief. Dkt. 25, at 8.

Under Alaska law, a former criminal defendant who has been convicted must obtain post-conviction relief in order to maintain a legal malpractice claim against former criminal defense counsel. *Haynes v. McComb*, 147 P.3d 700, 701 n.1 (Alaska 2006), citing *Shaw v. State, Dep't of Admin. Pub. Defender Agency*, 816 P.2d 1358 (Alaska 1991). *Haynes* and *Shaw* relate to malpractice actions against counsel involved in a defendant's criminal case. In *Shaw*, the Alaska Supreme Court recognized that jurisdictions are divided on the issue of requiring post-conviction

relief in order to maintain a legal malpractice action arising from a criminal case. *Shaw*, 816 P.2d at 1350. In *Shaw*, the Alaska Supreme Court quoted the New York Court of Appeals, in *Carmel v. Lunney*, 70 N.Y.2d 169, 511 N.E. 2d 1126, 1128 (1987), which reasoned as follows:

> This is so because criminal prosecutions involve constitutional and procedural safeguards designed to maintain the integrity of the judicial system and to protect criminal defendants from overreaching governmental actions. These aspects of criminal proceedings make criminal malpractice cases unique, and policy considerations require different pleading and substantive rules.

*Shaw*, 816 P.2d at 1160. The *Shaw* court explained the policy reasons for the rule requiring post-conviction relief before pursuing a malpractice claim against an attorney involved in the criminal process, as follows: (1) the requirement of post-conviction relief promotes judicial economy because many issues litigated in the quest for post conviction relief will be duplicated later in the legal malpractice action; (2) if the defendant was denied post-conviction relief, the legal principal of collateral estoppel would serve to eliminate any frivolous malpractice claim; (3) by prioritizing post-conviction relief, judicial resources will be conserved; (4) requiring post-conviction relief as a prerequisite to a legal malpractice action aids in determining whether the statute of limitations bars the action; (5) some incarcerated persons are unduly litigious; (6) an attorney defending against a malpractice action may produce evidence that might be harmful to a criminal defendant with a legitimate basis for post-conviction relief; and (7) a criminal defendant with a valid post-conviction relief claim should be able to pursue that remedy without the distraction of also filing a legal malpractice claim. *Shaw*, 816 P.2d at 1361.

     A person who has been convicted of a crime and has had that conviction upheld on direct appeal may file a petition for collateral relief to challenge his conviction. *See* 28 U.S.C. § 2255. Here, plaintiff is challenging the adequacy of his counsel in his petition for collateral relief, not in the direct criminal process. However, the policy considerations behind the rule requiring post-conviction relief prior to filing a malpractice action, as discussed above, remain the same, at least on the facts in this case.

     Plaintiff apparently was dissatisfied with defendant's representation, since he filed this action in federal court against his counsel before his counsel moved to withdraw. He could have

raised the issue of his counsel's performance in the context of his Section 2255 action. He apparently did not do so, and instead, resorted to filing a separate action in federal court. Further, plaintiff is not without relief, even if he allegedly received inadequate counsel in his Section 2255 action. 28 U.S.C. § 2255(h) provides a procedure for requesting authorization from the Ninth Circuit U.S. Court of Appeals to file a second or successive motion under 28 U.S.C. § 2255.

There is another significant reason why plaintiff cannot prevail in a malpractice action against the attorney who represented him in the criminal context here. Under Alaska law, in order to prevail on a legal malpractice theory, a plaintiff must prove four elements: "(1) the duty of the attorney to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the [attorney's] negligence." *Shaw,* 816 P.2d 1358, 1361 n. 5 (Alaska 1991) (quoting *Linck v. Barokas & Martin,* 667 P.2d 171, 173 n. 4 (Alaska 1983) (citations omitted)). Significantly, under Alaska law, unless a person obtains post-conviction relief, he or she is collaterally estopped from relitigating any element of a criminal charge of which he stands convicted. *Haynes,* 147 P.3d at 701.

Even if plaintiff could prove that the attorney representing him in the habeas context breached the duty of care, he could not prove that, but for the negligent conduct, he would not have been convicted, because collateral estoppel would bar him from proving the causation and damage elements of a legal malpractice action.

In conclusion, under Alaska law, plaintiff was required to obtain post-conviction relief before pursuing a malpractice action against the attorney who represented him in the collateral attack on his conviction. He has not done so. Plaintiff's malpractice claim should be dismissed.

*RICO*. Plaintiff contends in his complaint that defendant engaged in a conspiracy to cover up crimes and misconduct by the judges who made decisions in his criminal case. Defendant contends that plaintiff has not made specific allegations sufficient to state a RICO claim; plaintiff contends that (1) defendant's refusal to comply with plaintiff's orders, and (2) defendant's intent

1 to lose the case in order to cover up misconduct by the judges in his criminal case, sufficiently
2 state a RICO claim.

3 The purpose of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §
4 1961, *et seq*. (the RICO) is twofold: (1) to protect legitimate enterprises from being victimized
5 and (2) to protect the public from people using enterprises, both legitimate and illegitimate, as
6 vehicles through which to conduct unlawful activity. *See National Organization for Women, Inc.*
7 *v. Scheidler,* 510 U.S. 249, 259 (1994).

8 The RICO Act generally provides a civil remedy only for acts involving racketeering or
9 the collection of unlawful debt. The list of activities that constitute racketeering is long and
10 exhaustive. *See* 18 U.S.C. § 1961(1). In addition to substantive offenses, the RICO Act outlaws
11 conspiracies to violate any of its substantive provisions. *See* 18 U.S.C. § 1962(d). In order to
12 sustain a conspiracy claim, plaintiffs must prove either that the defendant agreed to violate one of
13 RICO's substantive provisions or that the defendant committed two racketeering activities listed
14 in 18 U.S.C. § 1962. *See U.S. v. Tille*, 729 F.2d 615, 619 (9th Cir. 1984). Generally, commission
15 of racketeering activities requires the use of money obtained through racketeering or participation
16 in the conduct of an enterprise's affairs through racketeering. Thus, a plaintiff is charged with
17 proving that the defendant either agreed to violate RICO's provisions or actually committed two
18 racketeering activities in order to maintain a conspiracy claim.

19 At the heart of any conspiracy claim is an agreement between two or more people; where
20 only one person is the alleged culprit, there can be no agreement or conspiracy. In other words, a
21 defendant cannot conspire with herself. *See River City Markets, Inc. v. Fleming Foods West, Inc.*,
22 960 F.2d 1458, 1461 (9th Cir. 1992) ("an individual cannot associate or conspire with himself").

23 In this case, plaintiff has not alleged facts sufficient to state a claim for a RICO violation.
24 Plaintiff alleges that defendant refused plaintiff's orders while defendant was representing plaintiff
25 on appeal. Plaintiff surmises that the reason that defendant provided him ineffective assistance
26 was to cover up the crimes and misconduct of judges involved in plaintiff's trial. Plaintiff's
27 speculation about defendant's motives is insufficient to show that defendant agreed to violate one
28

of RICO's substantive provisions or that defendant committed two racketeering activities listed in 18 U.S.C. § 1962. Plaintiff has made no specific factual allegations that defendant made any agreement to violate RICO or that defendant committed two racketeering activities listed in 18 U.S.C. § 1962.

The court has construed plaintiff's complaint liberally, and has viewed every allegation in regard to the RICO claim in the light most favorable to plaintiff. Any attempt to file an amended complaint with regard to the RICO claim would be futile. Accordingly, the court should dismiss the RICO claim with prejudice. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995)(Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.).

*Claim under 42 U.S.C. § 1983.* The complaint alleges that defendant violated plaintiff's rights to Due Process and Equal Protection, pursuant to 42 U.S.C. § 1983. Dkt. 1, at 5.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff has not made any factual allegations that would establish that defendant, who was appointed to represent plaintiff on appeal related to a collateral attack on a criminal conviction in federal court, was a state actor. Further, to the extent that plaintiff attempts to plead that defendant violated his constitutional rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff has made no showing that defendant was a federal officer acting under color of federal law when he represented plaintiff in his appeal

to the Ninth Circuit U.S. Court of Appeals. *See Cox v. Hellerstein*, 685 F.2d 1098 (9th Cir. 1982). Accordingly, the claim under 42 U.S.C. § 1983 should be dismissed with prejudice.

*2. Other Motions*

On October 14, 2008, defendant filed a motion for extension of time to file an answer to the complaint (Dkt. 19), requesting that the court extend the time for defendant to answer the complaint until the court rules on the pending motion to dismiss. Defendant opposes the motion for extension of time, contending that an extension of time will cause delay. Dkt. 25, at 1-2. This motion is moot, in light of the court's ruling in this order that dismisses plaintiff's causes of action. The motion should be stricken as moot.

In his opposition to defendant's motion to dismiss, plaintiff moved to strike the motion to dismiss. Dkt. 25. Plaintiff's motion is without merit and should be denied.

In his opposition to defendant's motion to dismiss, plaintiff also moves to expedite this suit. Dkt. 25. This motion is moot, in light of the court's ruling in this order that dismisses plaintiff's causes of action. The motion should be stricken as moot.

Therefore, it is hereby

**ORDERED** that defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (Dkt. 17 is **GRANTED**. The complaint is **DISMISSED**. Defendant's Motion for Extension of Time to File Answer Pending Resolution of Motion to Dismiss (Dkt. 19) is **STRICKEN** as moot. Plaintiff's motion to strike defendant's motion to dismiss (Dkt. 25) is **DENIED**. Plaintiff's motion to expedite the suit (Dkt. 25) is **STRICKEN** as moot.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 19th day of November, 2008.

ROBERT J. BRYAN
United States District Judge